JOHN WANAMAKER, NEW YORK, INC., and Another, Respondents, v. OTIS ELEVATOR COMPANY, Appellant. (Action No. 2.) — Motion for leave to appeal to the Court of Appeals granted. Present — Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ. Order to be settled before Mr. Justice Kelly.

JOHN WANAMAKER, NEW YORK, INC., Respondent, v. OTIS ELEVATOR COMPANY, Appellant. ·(Action No. 3.) — Motion for leave to appeal to the Court of Appeals granted. Present — Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ. Order to be settled before Mr. Justice Kelly.

CONSTANT F. WHITNEY and Others, Respondents, v. CONSIDINE INVESTMENT COMPANY and Others, Appellants.— Motion denied, without costs. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

ALFRED BOYER, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Kelly. and Jaycox, JJ.

GEORGE HERMANN, Respondent, v. KATE LUDWIG and Others, Appellants. — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concurred.

IDA A. HOPKINS, Respondent, v. DALD REALTY COMPANY and Others, Defendants. ANNA BURLING, Appellant.— Appeal dismissed by default, with ten dollars costs. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title, etc., for the Opening and Extending of the Public Playground and Park, etc., in the Borough of Brooklyn, City of New York. AUGUSTUS J. RINN, Appellant.— In these condemnation proceedings a charge of Mr. Augustus J. Rinn, a real estate expert employed by the city, was audited and presented to the court to be taxed with other costs and disbursements. The corporation counsel approved a bill for a total of $3,255, which the learned justice at Special Term reduced and taxed at $1,950. Under section 980 of the city charter, as amended by Laws of 1915, chapter 606,* all such fees and expenses or disbursements " shall be stated in detail." The so-called itemized statement was merely an enumeration of the several damage parcels, naming $25 as an appraisal fee for the different lots — with a varying charge for buildings, running from $150 to $25 according to size and structure. Thus the statement " in detail " was of property taken, rather than of the particulars of the services in inspection, appraisal, and in the course of the trial. Notwithstanding the certificate of audit and the approval by the acting corporation counsel, the court should have details of the time employed in services that are sought to be charged in such proceeding. The fact that the learned justice himself had presided at the trial of this condemnation proceeding gave him special familiarity with the general circumstances, with means of judging the value of the expert's testimony. However, for the sake of a

* Laws of 1901, chap. 466, § 980, as added by Laws of 1915, chap. 606.— [REP.